CaRutheRS, J.,
delivered the opinion of the Court.
In pursuance of a joint resolution of the last General Assembly, a motion is now made by the Attorney General for the issuance of a scire facias against the Bank of East Tennessee, to show cause why its charter should not be declared forfeited. This bank was chartered by the Legislature in 1843, ch. 60. By the 11th section, the Legislature- is authorized, whenever they are of the opinion that the charter of the corporation has been violated, “by joint resolution to direct a scire facias to issue from the Supreme Court, in the name of the State of Tennessee, calling upon said corporation to show cause why the charter should not be declared forfeited.” The Court is required to inquire into the charges, which are alleged, and to submit all issues of fact to a jury, &c.
Have we the authority under the constitution to exercise the powers here conferred; or in other words, is this act of the Legislature constitutional ? is the first question to be considered. We cannot without a violation of the constitution, to which we owe our existence as a Court, and which we have sworn to obey, transcend the limits therein assigned to us. With every dis *575 position to respect and obey tbe mandates of the Legislative department of the government, we are bound to stay our hands when we reach the limits prescribed for us in the fundamental law. Beyond that, we dare not go, no matter what authority may command. We cannot obey two masters, where their commands conflict. The constitution is the chart by which we must govern our official action.
What says the constitution, then, in relation to the existence and powers of this Court ?
Article 6, sec. 1. “ The judicial power of this State shall be vested in one Supreme Courtand such inferior Courts as the Legislature shall “ ordain and establish,” &c. So, this Court of last resort is placed out of and beyond the power of the Legislature, as to its existence and composition, as by the next session it is to consist of three Judges only, and they are to reside, one in each of “the grand divisions of the State.” So also is its jurisdiction prescribed and limited.
Section 2. “ The jurisdiction of this Court shall be appellate only, under such restrictions and regulations as may, from time to time, be prescribed by law; but it may possess such other jurisdiction as is now conferred by law on the present Supreme Court.”
The language is emphatic as to the jurisdiction; it shall be appellate only.” This was doubtless intended to prohibit that course of legislation which had before, and might again be resorted to, either because of high confidence in this Court, of to overburthen it with business, or to save expense to parties in certain cases by shortening the road of litigation. But let the reason be what it may, the restriction is distinct and impera *576 tive. The fair inference from the language adopted is, that it was the opinion of the Convention that the labor and responsibility of correcting errors in the proceedings and judgments of Courts of Law, and the hearing of appeals in Chancery, for the whole State, would afford about as much labor as three men could well perform, without encumbering them with any original jurisdiction. And certainly it has so turned out. The members of the legal profession who witness the labors of this Court, will not differ as to the foresight of the convention in this respect. Yet whether this is so or not, or whatever reasons may have actuated them, they have limited and confined us to cases of appeal, by language too clear in its import for misconstruction.
In this act the jurisdiction conferred is to institute a proceeding of an important character against a corporation to ascertain certain facts, by the intervention of a jury, and to declare the charter forfeited in the event the charges are found to be true. Here, then, an important suit, to individuals and the public, is to be originated, tried, and determined in this Court. Can there be a doubt that such jurisdiction is original and not appellate ¶ Surely not. The old constitution did not prescribe the jurisdiction of this Court, nor in fact create it, but left it with the legislative department to establish such Courts as might be thought necessary, and assign them their jurisdiction.
It cannot be pretended that the case falls under the latter clause of the section, “ such other jurisdiction as is now by law conferred by law on the present Supreme Court.” This Constitution was framed and adopted in 1834, and the charter under consideration was passed in *577 1843. No such jurisdiction was given over corporations, by any general act before that time, and if it bad, it would not now exist, as will be seen below.
This last clause came before us for construction, at tbe last term at Jackson, and we held in an opinion, to be published in 5 Sneed, that it only conferred power on this Court to ' adopt such proceedings, issue such process, and try such facts as might become necessary to carry out and perfect its own judgments and decrees in cases before it by appeal, or writ of error, such as the issuance of writs of scire facias and capias upon forfeited bonds or recognizances, motions against sheriffs for non-return of process, the trial of any issues that might become necessary on the same, &c. Jurisdiction of this character we supposed to be all that was intended to be conferred by that provision.
It follows that the 11th section of the charter of the Bank of East Tennessee is unconstitutional, and, consequently, the motion is refused.